**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| **ERIANE DYSON,** | * |
| | * |
|     **Petitioner,** | * |
| | * |
| vs. | * CIVIL ACTION NO. 22-00192-TFM-B |
| | * |
| **ERICO PITTMAN,** | * |
| | * |
|     **Respondent.** | * |

## REPORT AND RECOMMENDATION

Respondent Erico Pittman filed a *pro se* notice of removal and a motion to proceed without prepayment of fees.[1] (Docs. 1, 2). This action has been referred to the undersigned Magistrate Judge for consideration and disposition or recommendation on all pretrial matters as may be appropriate pursuant to 28 U.S.C. § 636(b)(1). Having *sua sponte* considered the notice of removal, the undersigned concludes that it does not set forth a basis for this Court's jurisdiction. Accordingly, it is recommended that this action be **REMANDED** to the Court of Common Pleas, Domestic Relations Division, Summit County, Ohio, for want of jurisdiction.

**I.    BACKGROUND**

On March 14, 2022, Petitioner Eriane Dyson filed a counseled petition for domestic violence civil protection order against

---

[1] Because this action is due to be remanded for lack of subject matter jurisdiction, the undersigned will not address Pittman's motion to proceed without prepayment of fees.

Respondent Erico Pittman in the Court of Common Pleas of Summit County, Ohio. (Doc. 1 at 9-14). In the petition, Dyson requested a domestic violence civil protection order that directed Pittman to: (a) not abuse Dyson and the parties' two minor children; (b) not enter, approach, or contact the residence, school, business, or workplace of Dyson and the children; and (c) not approach or have any contact with Dyson or the children. (Id. at 11).

A magistrate held a hearing on March 14, 2022, with only Dyson and her attorney present. (Id. at 7). Based on the preponderance of evidence presented at the hearing, the magistrate found that Pittman did not pose an immediate and present danger to Dyson or the children and denied an *ex parte* civil protection order. (Id.). A full domestic violence evidentiary hearing was scheduled for March 22, 2022. (Id. at 6-7). However, the hearing was reset for April 13, 2022, because Pittman had not yet been served. (Id. at 6). Pittman was served with the petition on April 11, 2022. (Id. at 5).

Pittman filed a notice of removal in this Court on May 11, 2022.[2] (Id. at 1-2). Pittman's notice of removal states, *inter alia*:

> In regards to Section (c) of 28 U.S.C. § 1446 respondent lives in the state of Alabama, and was served with the complaint in Alabama. Respondent intends to assert counterclaims of fraud, intentional infliction of

---

[2] It appears that Pittman filed the notice of removal in the state court on April 29, 2022. (See Doc. 1 at 3-4).

emotional distress, abuse of process and unjust enrichment in violation of the claimants fourteenth amendment rights to which relief will be requested in excess of $250,000.

(Id. at 1). Pittman further states that he "needs time to prepare his case and refute the record of the ex parte hearing that he was naturally not a part of" and "is in the process of obtaining the necessary documentation . . . to refute this claim: and in furtherance of the aforementioned claims." (Id. at 2).

## II. **STANDARD OF REVIEW**

Federal district courts have limited jurisdiction and are "obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 409-10 (11th Cir. 1999). "[R]emoval jurisdiction is no exception to a federal court's obligation to inquire into its own jurisdiction." Id. at 410. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded" to the state court from whence it came. 28 U.S.C. § 1447(c).

Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Accordingly, "when an action is

3

removed from state court, the district court must first determine whether it has original jurisdiction over the plaintiff's claims." Univ. of S. Ala., 168 F.3d at 410.

Such jurisdiction comes in two main varieties. First, federal district courts have "federal question jurisdiction" over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "[A] cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law." Metro. Life Ins. Co. v. Taylor, 481 U.S. 58, 63 (1987). "Federal jurisdiction cannot be predicated on an actual or anticipated defense." Vaden v. Discover Bank, 556 U.S. 49, 60 (2009). Similarly, federal question jurisdiction cannot "rest upon an actual or anticipated counterclaim." Id.

Second, federal district courts have "diversity jurisdiction" if the amount in controversy exceeds $75,000 and there is complete diversity of the parties, meaning that no plaintiff is a citizen of the same state as any defendant. 28 U.S.C. § 1332(a). "Jurisdictional facts are assessed on the basis of plaintiff's complaint *as of the time of removal*." Burns v. Windsor Ins. Co., 31 F.3d 1092, 1097 n.13 (11th Cir. 1994) (emphasis in original).

### III. **DISCUSSION**

Pittman appears to invoke this Court's diversity jurisdiction

4

under 28 U.S.C. § 1332(a).[3] (See Doc. 1 at 1). Pittman alleges that he lives in Alabama and states that he intends to assert various counterclaims against Dyson "to which relief will be requested in excess of $250,000." (Id.).

The petition for domestic violence civil protection order filed by Dyson did not allege any specific amount in damages, nor could it have. Instead, the petition sought an order directing Pittman not to contact, approach, or abuse Dyson and the parties' two minor children. (Id. at 11). When a plaintiff's initial pleading seeks nonmonetary relief, the notice of removal may assert the amount in controversy. 28 U.S.C. § 1446(c)(2)(A)(i). In this scenario, "removal is proper if 'the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a).'" Hartung v. PHH Mortg. Corp., 2021 U.S. Dist. LEXIS 129792, at *5, 2021 WL 3185773, at *2 (S.D. Ala. July 9, 2021) (quoting 28 U.S.C. § 1446(c)(2)(B)), report and recommendation adopted sub nom., 2021 U.S. Dist. LEXIS 138469, 2021 WL 3179302 (S.D. Ala. July 26, 2021).

Here, Pittman has plainly failed to set forth facts suggesting that the amount in controversy in this matter exceeds $75,000, and

---

[3] The opening clause of the notice of removal states: "Now comes respondent, Erico Pittman, pursuant to 28 U.S.C. § 1446(a) and (c), to provide notice to the parties of the removal of this cause to federal court d[ue] to the stipulated time frame for civil proceedings and diversity jurisdiction." (Doc. 1 at 1).

5

there is no such indication in Dyson's pleadings. As noted previously, Dyson seeks no damages in this matter at all; she seeks a protection order from Pittman. See Blair v. Maloney, 2012 U.S. Dist. LEXIS 173958, at *3-4, 2012 WL 6098365, at *2 (W.D. Wash. Dec. 7, 2012) (finding that defendant failed to demonstrate the requisite amount in controversy by a preponderance of the evidence when the plaintiff sought only a protective order from the defendant). Indeed, it appears that Pittman relies solely on his anticipated counterclaims to satisfy the amount-in-controversy requirement. However, Pittman's contemplated counterclaims and concomitant request for relief "in excess of $250,000" are irrelevant to the Court's inquiry because the Court must evaluate the amount in controversy at the time of removal, not later. See Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 751 (11th Cir. 2010); Conf. Am., Inc. v. Q.E.D. Int'l, Inc., 50 F. Supp. 2d 1239, 1241 (M.D. Ala. 1999) (finding that "a counterclaim should not be considered when determining whether the amount-in-controversy requirement of § 1332 is satisfied in the context of removal"); Beasley v. Gumprecht, 2017 U.S. Dist. LEXIS 210645, at *6, 2017 WL 6568948, at *3 (M.D. Ala. Dec. 22, 2017) ("[I]n the context of removal, the amount in controversy is determined solely by referring to the plaintiff's complaint and without regard to any subsequently filed counterclaims.").

Dyson's domestic relations petition did not include any

6

federal claims. (See Doc. 1 at 9-14). Nor does this Court have federal question jurisdiction based on Pittman's invocation of his "fourteenth amendment rights" in connection with his contemplated counterclaims. See Vaden, 556 U.S. at 60. Because it is clear that neither diversity jurisdiction nor federal question jurisdiction provide a basis for removal, this case must be remanded to the Ohio state court from whence it came.[4]

## IV. CONCLUSION

Based on the foregoing, the undersigned finds that this Court lacks subject matter jurisdiction over this case and recommends that this action be **REMANDED** to the Court of Common Pleas, Domestic Relations Division, Summit County, Ohio, for want of federal jurisdiction.

---

[4] The Court notes that § 1441(a) "expressly provides that the proper venue of a removed action is 'the district court of the United States for the *district and division embracing the place where such action is pending*.'" Polizzi v. Cowles Mags., Inc., 345 U.S. 663, 666 (1953) (quoting 28 U.S.C. § 1441(a)) (emphasis added). Given that the instant domestic relations matter was pending in Summit County, Ohio, Pittman clearly filed his notice of removal in the wrong federal district court. However, "the geographic component of § 1441(a) is a venue provision," and "failure to comply with the geographic requirements of § 1441(a) is a procedural defect that does not deprive a district court of subject matter jurisdiction in a removed case." Peterson v. BMI Refractories, 124 F.3d 1386, 1392, 1394 (11th Cir. 1997).

The Court also points out that neither of the parties to this action appear to have any connection to the Southern District of Alabama. Although Pittman alleges that he lives in Alabama, he appears to reside in Dothan, which is located in the Middle District of Alabama. See 28 U.S.C. § 81(b)(2).

7

**NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **15th** day of **July, 2022.**

                                                **/s/ SONJA F. BIVINS**
                                        **UNITED STATES MAGISTRATE JUDGE**